IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUIS CAMPBELL (a.k.a. David Walker), ) | CASE NO. 1:14-cv-01187 |
| Petitioner, ) | JUDGE JAMES G. CARR |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| JASON BUNTING, Warden ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |

Petitioner, Louis Campbell (hereinafter "Campbell"), challenges the constitutionality of his conviction in the case of *State v. Campbell*, Cuyahoga County Court of Common Pleas Case No. 10-CR-538673. Campbell, *pro se*, filed his Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on June 3, 2014. On October 15, 2014, Warden Jason Bunting ("Respondent") filed a Motion to Dismiss.[1] (ECF No. 9.) Campbell filed a Traverse on December 17, 2014. (ECF No. 13.) For reasons set forth in detail below, it is recommended that Campbell's petition be DISMISSED as procedurally defaulted.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

---

[1] On December 19, 2014, Respondent filed a Motion for Leave to Amend its prior motion to withdraw the argument that Campbell failed to meet the custody requirement of § 2254. (ECF No. 14.)

of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Campbell's conviction as follows:

> [*P2] In June 2010, Campbell was indicted for robbery with prior conviction and repeat violent offender specifications, having a weapon under disability, carrying a concealed weapon, and resisting arrest. He waived his right to counsel and represented himself at trial. The first trial resulted in a hung jury in November 2010. The case was reheard in March 2011. Two neighbors of the victim testified they saw Campbell strike the victim in the head and go through his pockets. Police arrested Campbell at the scene and discovered a handgun in his bag. Campbell was found guilty of all the charges and was sentenced to four years in prison.

*State v. Campbell*, No. 96628, 2012-Ohio-1738, 2012 Ohio App. LEXIS 1518 (Ohio Ct. App., Apr. 19, 2012).

## II. Procedural History

### A. Conviction

On June 24, 2010, a Cuyahoga County Grand Jury charged Campbell with one count of robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.02(A)(2) with a repeat violent offender specification, one count of having weapons under disability in violation of O.R.C. § 2923.13(A)(2), one count of carrying a concealed weapon in violation of O.R.C. § 2923.12(A)(2), and one count of resisting arrest in violation of O.R.C. § 2921.33(B). (ECF No. 9-1, Exh. 1.) Each charge also carried a weapon forfeiture specification. *Id*. On November 16, 2010, the court declared a mistrial when the jury could not reach a verdict. (ECF No. 9-1, Exh.

4.)  A second jury found Campbell guilty as charged.[2]  (ECF No. 9-1, Exh. 6.)  Campbell was sentenced to an aggregate prison term of four years with mandatory post release control.  *Id*.

**B.  Direct Appeal**

On April 5, 2011, Campbell, *pro se*, filed an appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").  (ECF No. 9-1, Exh. 7.)  After his previous brief was stricken for failure to comply with the appellate rules, on January 30, 2012, Campbell submitted a "refiled" brief raising eight assignments of error.  (ECF No. 9-1, Exh. 8.)

On April 19, 2012, Campbell's conviction was affirmed.[3]  (ECF No. 9-1, Exh. 11.)

On July 26, 2012, Campbell, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio.  (ECF No. 9-1, Exh. 12.)  He also filed a Motion for Delayed Appeal.  (ECF No. 9-1, Exh. 13.)  On September 26, 2012, the motion for delayed appeal was denied, and the appeal dismissed.  (ECF No. 9-1, Exh. 14.)

**C.  Postconviction Relief**

On November 14, 2011, while his direct appeal was pending, Campbell, *pro se*, filed a petition to vacate or set aside his sentence with the trial court. (ECF No. 9-2, Exh. 19.)  On May 8, 2013, the Court of Common Pleas denied Campbell's petition to vacate or set aside sentence

---

[2] With one exception, the jury found Campbell not guilty of the forfeiture specification associated with the robbery charge.  The forfeiture specification with respect to the resisting arrest charge had previously been dismissed.  (ECF No. 9-1, Exh. 6.)

[3] On May 10, 2012, Campbell, *pro se*, filed a motion for reconsideration, which was denied on May 17, 2012.  (ECF No. 9-1, Exh. 15; ECF No. 9-2, Exh. 16.)  On May 30, 2012, Campbell filed a motion requesting "reason, facts, an[d] finding."  (ECF No. 9-2, Exh. 17.)  On May 31, 2012, that motion was denied, and the court indicated that Campbell's original motion for reconsideration was untimely under Appellate Rule 26(A).  (ECF No. 9-2, Exh. 18.)

stating as follows:

> In support of his petition, petitioner essentially submits a copy of his appellate brief alleging numerous trial errors, failure to grant motions for acquittal, and deficiencies in the indictment. Petitioner's convivtion [sic] was affirmed on appeal by the Eighth District Court of Appeals in Case No. 096628.
>
> The Ohio Supreme Court dismissed Deft's appeal on 10/22/12.
>
> The Ohio Supreme Court has held that the doctrine of *res judicata* bars the assertion of any issue which was raised or which could have been raised at trial or on direct appeal. *State v. Perry* (1967), Ohio St.2d 175; *State v. Ishmael* (1981), 67 Ohio St.2d 16; *State v. Steffen* (1994), 70 Ohio St.3d 399.
>
> Accordingly, the court denies Deft's petition to vacate or set aside sentence on a theory of *res judicata*.

(ECF No. 9-3, Exh. 24.)

On May 28, 2013, Campbell, *pro se*, filed an appeal of the denial of his motion for post-conviction relief. (ECF No. 9-3, Exh. 25.) On February 13, 2014, the state appellate court agreed that "all of the arguments raised in Campbell's petition are barred by *res judicata*," and affirmed. (ECF No. 9-3, Exh. 28 at ¶¶23-25.)

On March 26, 2014, Campbell, *pro se*, filed a notice of appeal with the Supreme Court of Ohio. (ECF No. 9-3, Exh. 29.) On June 25, 2014, jurisdiction of the appeal was declined pursuant to S. Ct. Prac. R. 7.08(B)(4). (ECF No. 9-3, Exh. 31.)

**D.  Federal Habeas Petition**

On June 3, 2014, Campbell filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:[4]

---

[4] Campbell's grounds and supporting facts for relief are quoted largely verbatim. However, the Court has eliminated Campbell's curious penchant for using parenthesis and all capital letters. In addition, for the sake of easier comprehension, the Court has corrected Campbell's habit of omitting the letter "d" at the end of the word "and," as well

GROUND ONE: Investigator, Mr. Jeffrey Mecklenburg, prejudicially allowed to testify at second trial only, and never wrote a police report on his finding a gun in a hat, and dropped gun on ground, then arranging fruit of crime solely for photos ... and prosecution never presented his name in Crim. R. 16/Discovery.

Supporting Facts: The retrial court committed plain error (52)(B), Brady violation, by withholding exculpatory evidence, of Invest. Mecklenburg finding a gun contradicting arresting sole officer: Sgt. Mr. Britton, claiming sole discoverer of gun on ground, on June 14, 2010/date of event ... against manifested weight of evidence!! Crim. R. 16, Motion of Discovery, never revealed Mecklenburg testified March 03, 2011, that he did turn gun over to arresting officer: Sgt. Britton!  Sgt. Britton testified solely, that Mecklenburg never, mentioned another person discovered gun before him!  The record reveal that no State witness testified to witnessing Campbell carrying or possessing a gun, to support such a charge!!  Sgt. Mr. Britton testified that the Invest. Mr. Mecklenburg, should of written a police report!!  Arresting officer: – Moze, testified March 30, 2011, that he knew nothing about a gun at the scene event.

GROUND TWO: The re-trial court prosecution, failed to provide sworn testimony in the record that allege victim: Larry Dorn, would be unavailable. Thereby, prejudiced pro-se defensive strategy not to testify at re-trial.  This violated U.S.C. 14, Due Process.

Supporting Facts: The Adm. Judge: Mrs. Nancy Fuerst, actually in open court, verbally told pro-se, that allege victim would be present for jury trial, and prosecutor: Mrs. Mellissa Riley, never provided on record sworn testimony, as why the allege victim: Larry Dorn, would not be ... at trial testifying!  Again, after allege victim: Larry Dorn, was absent from the first deadlocked/jury trial!  This caused allege victim, to be arrested, as a hostile witness, and placed in Vuy. County jail [on] Dec. 08, 2010!  Allege victim was released from jail, prior to second jury trial/Feb. via March 03, 2011, and no type of deposition statement inculpated pro-se!!  June 14, 2010, date of offense, victim ... [G]ave officer: Mr. Peyton a verbal statement denying that pro-se used force against him, and robbed him!!  However, Officer: Mr. Peyton, was denied opportunity to testify about ongoing emergency statement by victim ... as State refused to call Peyton to testify, and refused to allow pro-se to call officer: Mr. Peyton to testify.

GROUND THREE: The retrial court prejudicially violated U.S.C.A. 14, disallowing State ... witness: David Foster June 24, 2010 extrajudicial statement of inconsistency ... from being as impeachment evidence and prevented laying

---

as other spelling errors.  Any remaining errors – punctuation, grammatical, or otherwise – remain unchanged from the original petition.

foundation to admit extrinsic

<u>Supporting Facts</u>: retrial court refused to admit extrajudicial crime scene statement, that S A historical fact, contradicted David Foster oath testimony accusing pro-se of searching a unconscious victim pockets, at trial .... March 03, 2011.  However, on the June 14, 2010/date of events, D. Foster written statement, states pro-se never search a unconscious victim: Larry Dorn.  In addition, D. Foster, told Officer: Peyton that L/ Campbell never search victim pockets .... and Officer: Mr. Peyton – three page police-report, never allowed at two separate jury trials!!  This miscarriage of justice denied fundamental due process fair trial, truth seeking process, ends of justice.  This June 14, 2010/D. Foster extrajudicial statement, ruled inadmissible, and never allowed at in camera inspection either, outside jurors presence on record

GROUND FOUR: The retrial court prejudicially denied Crim. R. 29, insufficient evidence motion, under plain error 52(B) on the robbery/R.C. 2911.02(A), as the record failed to present simultaneous initial ... intent, and force to commit theft offense, upon first approach of allege victim, when allege victim demanded money from pro se irately, violating U.S.C.A. 14/5

<u>Supporting Facts</u>: June 14, 2010, David Foster, and James Tucker, State witness both on scene written extrajudicial statements, documented allege victim: Larry Dorn, irately aggressively demanded money from suspect: L. Campbell ... "saying specifically, where is my money .. stating: suspect owed Larry money the allege victim name is Larry!  At March 02-03, 2011, both State witnesses stated, that L. Campbell, never uttered a single word, and punched victim with a single blow to the head, rendering victim unconscious, then searched his pocket!!  This is precise testimony verbatim at the Nov. 08 via 16, 2010, and Feb. 29 via March 03, 2011, jury trial!!  Absent the simultaneous connection of intent, and force used to complete an act of robbery/R.C. 2911.02(A)(2). On allege victim!!  The absence of victim from jury trial, and the absence of any type of victim extrajudicial inculpatory statement, on scene of events and absence of a victim appearance, and testimony at two separate jury trials and the date of event, victim hospital verbal statement exonerating L. Campbell, prove case

(ECF No. 1.)

### III.  Exhaustion and Procedural Default

**A.  Exhaustion Standard**

   Petitioners must exhaust their state remedies prior to raising claims in federal habeas

corpus proceedings.  *See* 28 U.S.C. § 2254(b),(c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  However, if relief is no longer available in state court, exhaustion can be rendered moot:  "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

**B.  Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  A claim may become procedurally defaulted in two ways. *Id*.  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[5] *Id.*

---

[5] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted.  785 F.2d at 135.  Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court.

---

can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been

different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)*; See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C. Application to Campbell**

Respondent contends that Campbell's petition is procedurally defaulted due to his failure to comply with Ohio Appellate Rule 16(A)(7). (ECF No. 9 at 18-24.) On direct appeal, the state appellate court declined to address the merits of Campbell's claims finding as follows:

> [*P4] As a threshold matter, this court struck Campbell's original brief for failure to comply with the appellate rules. He submitted a "revised" brief. However, we find this brief convoluted at best. Despite a thorough review, we are unable to decipher his arguments or make sense of his assignments of error.
>
> [*P5] Pursuant to App. R. 16(A)(7), the appellant is required to include in his brief:
>
>> [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
>
> [*P6] The appellant must set forth an argument in support of an assignment of error or it will be overruled. App.R. 12(A)(2). *See Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988).

> It is not the duty of an appellate court * * * to support an appellant's argument as to any alleged error. *State v. McGuire* (Apr. 15, 1996), Preble App. No. CA95-01-001, 1996 Ohio App. LEXIS 1492, unreported, at 40, 1996 WL 174609, affirmed (1997), 80 Ohio St.3d 390, 1997 Ohio 335, 686 N.E.2d 1112. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *Id*, following *State v. Lorraine* (Feb. 23, 1996), Trumbull App. No. 95-T-5196, 1996 Ohio App. LEXIS 642, unreported, at 9, 1996 WL 207676. *State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist.1998).
>
> [*P7] Thus, we find that Campbell has failed to adequately set forth an argument in support of his eight assignments of error.
>
> [*P8] Accordingly, Campbell's assignments of error will not be addressed because they fail to comply with App.R. 16(A)(7). App.R. 12(A)(2).

*Campbell*, 2012-Ohio-1738 at ¶¶4-8.[6]

Applying the *Maupin* test, the state court found Campbell failed to comply with an applicable state procedural rule, namely App.R. 16(A)(7).[7] Based on the above quoted excerpt from the state court's opinion, it is also indisputable that the state court actually enforced the state procedural sanction. Therefore, the only remaining question is whether Ohio App. R. 16(A)(7), operating in conjunction with Ohio App.R. 12(A)(2), constitutes an independent and adequate state ground on which the state can foreclose federal review. Another decision from this district has specifically addressed the issue:

> In *Greene v. Brigano*, [123 F.3d 917 (6th Cir. 1997)] the Sixth Circuit, in considering the question of when a *pro se* habeas petitioner must receive a copy of

---

[6] It bears noting that technically it is Ohio App. R. 12(A)(2) which states the appellate "court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."

[7] A review of Campbell's appellate brief reveals that it is similar to his habeas brief in that it is rambling and largely incoherent with only sparse and unexplained citations to legal authorities. (ECF No. 9-1, Exh. 8.)

-11-

> his state trial transcript, noted the mandatory nature of the requirement of Ohio Appellate Rule 16 that an appellant provide citations to specific portions of the record as a condition for state appellate review:
>
>> For example, Rule 16(A)(7) provides: "The appellant *shall* include in his brief ... [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to ... parts of the record on which appellant relies." (emphasis added).  Similarly, Rule 16(D) states that: "[r]eferences in the brief to parts of the record *shall* be to pages of the parts of the record involved; e.g., ... Transcript p. 231 ... If reference is made to evidence, the admissibility of which is in controversy, reference *shall* be made to the pages of the transcript at which the evidence was identified, offered and received or rejected." (emphasis added).  Considering that the Ohio Appellate Rules require citation to the record in support of each assignment of error, access to that record is a necessity.
>
> Inasmuch as *Greene* held that this requirement in Ohio Appellate Rule 16 to include specific citations to the record for assignments of error – the basis for the appeals court here denying Johnson a review of his claim on the merits – was mandatory, and so required a *pro se* habeas litigant be provided a transcript, it is necessarily inherent in *Greene* that Ohio Appellate Rule 16 is an adequate and independent state law basis on which Ohio may rely to preclude federal habeas review of any federal constitutional claim.
>
> Therefore, the Magistrate Judge recommends finding that the third portion of the *Maupin* test for establishing procedural default is met in this case.

*Johnson v. Bradshaw*, No. 1:03 CV 2509, 2006 WL 2945915, at *9-10 (N.D. Ohio Oct. 13, 2006) (footnotes omitted)[8]; *see also Banks v. Bradshaw*, No. 1:05 CV 1141, 2008 WL 4356955, at *11 (N.D. Ohio Sept. 17, 2008) (finding Ohio App. R. 12(A)(2) constituted an adequate and independent state rule which bars federal review); *accord Boynton v. Sheets*, No. 1:11-cv-2810, 2013 WL 1742711, at *11 (N.D. Ohio Mar. 5, 2013) report and recommendation adopted, 2013 WL 1747717 (N.D. Ohio Apr. 23, 2013).  The Court agrees with these cases and finds that the

---

[8]  The Report and Recommendation was adopted by the District Court Judge on October 13, 2006.  (Case No. 1:03-cv-02509, ECF No. 35.)

third prong of *Maupin* is satisfied, as Ohio App. R. 16(A)(7) constitutes an independent and adequate state basis for denying federal habeas review.

Turning to the fourth prong of the *Maupin* test, though Campbell's Traverse attempts to rebut Respondent's contention that the petition is procedurally defaulted (ECF No. 13 at 23-25), the Court cannot make sense of it. As such, Campbell has failed to demonstrate cause and ensuing prejudice to excuse his default. The Court recognizes that "however inartfully pleaded," allegations in a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). Also, the allegations of a *pro se* habeas petition, "though vague and conclusory, are entitled to a liberal construction." *Burris v. United States*, 430 F.2d 399, 403 (7th Cir. 1970), cert. denied, 401 U.S. 921, 27 L. Ed. 2d 824, 91 S. Ct. 909 (1971). The appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition "to encompass any allegation stating federal relief." *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976). That being said, Campbell's response is a tapestry of unfinished thoughts strung together in such a haphazard manner that the Court simply cannot follow it.[9] Active interpretation, however, does not involve the Court assuming the role of counsel, not even for a *pro se* habeas petitioner. As such, Campbell's habeas petition is procedurally defaulted based on his failure to comply with Ohio App. R. 16(A)(7) and the state court's enforcement of the procedural sanction.

Finally, while not argued by Respondent, Campbell's petition is procedurally defaulted for

---

[9] Respondent's Answer advocates that the instant habeas petition be dismissed because it is unintelligible. (ECF No. 9 at 17-18.) The Court agrees that the petition is a confusing array of assertions without any coherent factual or legal development. Nonetheless, this Report and Recommendation is based on Campbell's procedural default alone.

-13-

another reason as well.[10] As noted above, on direct appeal, Campbell's motion for delayed appeal filed with the Supreme Court of Ohio was denied. (ECF No. 9-1, Exh. 14.) The Supreme Court of Ohio's decision denying his motion for a delayed appeal and dismissing the matter constitutes a procedural ruling sufficient to bar habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*per curiam*), *cert. denied*, 543 U.S. 989, 125 S. Ct. 506, 160 L. Ed. 2d 375 (2004). Under its procedural rules, the Ohio Supreme Court has jurisdiction over timely appeals which are made within 45 days of the state appellate court's decision. *See* Ohio S.Ct.Prac.R. 6.01(A)(1) & 7.01(A)(1).[11] The Ohio Supreme Court may, in its discretion, take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. 7.01(A)(4). However, where the delayed appeal is not allowed, the Sixth Circuit Court of Appeals has held that even an unexplained decision denying leave to file an untimely appeal is presumed to enforce any applicable procedural bar.

> This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does. The Ohio Supreme

---

[10] "While a federal court is not required to *sua sponte* invoke procedural default when a respondent has failed to do so, there is no prohibition against doing so, either." *Ahmed v. Houk*, 2014 U.S. Dist. LEXIS 81971 (S.D. Ohio, Jun. 16, 2014) (*citing Trest v. Cain*, 522 U.S. 87, 89 (1997) and *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004)); *see also Mariswamy v. Warren*, 570 Fed. App'x. 461, 462 (6th Cir. 2014) (finding a claim was procedurally defaulted despite the government not pursuing a procedural default defense on appeal); *see also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) ("While procedural default is not a jurisdictional bar to review . . . and the Government's failure to raise the default may operate as a forfeiture of its right to defend on that ground, we nonetheless may raise these issues *sua sponte*.") (internal citations omitted).

[11] The Ohio Supreme Court adopted new rules of practice, which became effective on January 1, 2013. The previous rule concerning time limits, as well as delayed appeals, was contained in Ohio Sup.Ct. R. Section 2.2(A).

> Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id*. A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id*. Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup. Ct. R. II, Section 2(A)(4)(c). **Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.**

*Bonilla*, 370 F.3d at 497 (emphasis added); *accord Baker v. Bradshaw*, 495 Fed. App'x. 560, 565 (6th Cir. 2012) ("the timeliness requirements for an appeal to the Ohio Supreme Court ... constitute adequate and independent state grounds to preclude hearing an untimely claim on the merits."); *Carman v. Ohio*, 2015 U.S. Dist. LEXIS 32119 (N.D. Ohio Mar. 16, 2015); *Crutchfield v. Warden*, 2014 U.S. Dist. LEXIS 111106 (S.D. Ohio Aug. 11, 2014) (finding that where the petitioner's motion for delayed appeal before the Ohio Supreme Court was denied, the petitioner must demonstrate cause for his default and actual prejudice to avoid dismissal).

The Court finds that Campbell's failure to file a *timely* appeal to the Ohio Supreme Court, coupled with that court's denial of a motion for delayed appeal (as well as the denial of his post-conviction petition on the grounds that all assignments of error could have been raised on direct appeal), resulted in a procedural default of all of Campbell's claims. Furthermore, Campbell's Traverse fails to set forth any cause and prejudice to excuse the default. As such, the petition should be dismissed.

## IV.

On December 9, 2014, Campbell filed a "Motion to file attached transcripts." (ECF No. 11). As the Court recommends a dismissal on the grounds of procedural default, it is unnecessary to

address the merits of Campbell's claim.  Therefore, his motion to file the transcripts is DENIED as moot.

## V. Conclusion

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss (ECF No. 9) be GRANTED and Campbell's Petition be DISMISSED as procedurally defaulted.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: May 29, 2015

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**