**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Louis Campbell (a.k.a. David Walker),                    Case No. 1:14CV1187

        Petitioner

        v.                                                              **ORDER**

Jason Bunting, Warden,

        Respondent

        This is a habeas corpus case in which the Magistrate Judge has filed a Report and Recommendation concluding the petitioner, Louis Campbell, procedurally defaulted all of his claims. (Doc. 16). Campbell has filed an objection, contending I should address his claims on the merits. (Doc. 17).

        For the following reasons, I overrule Campbell's objection, adopt the R&R as the order of this court, and deny the petition.

### Background

        The Cuyahoga County Grand Jury charged Campbell with robbery, having a weapon under disability, carrying a concealed weapon, and resisting arrest. Campbell waived his right to counsel and represented himself at trial. The jury at Campbell's first trial could not reach a verdict, and the court declared a mistrial. At a second trial, the jury found Campbell guilty on all

counts, and the trial court imposed a prison term of four years with mandatory post-release control.

Campbell appealed to the Court of Appeals of Ohio, Eighth District. The court rejected Campbell's first brief because it did not comply with applicable court rules. When Campbell submitted a second brief, which failed to set forth any argument in support of his various assignments of error, the court declined to consider Campbell's claims and affirmed his convictions and sentence. *State v. Campbell*, 2012-Ohio-1738, ¶¶4-8 (Ohio App.).

Campbell then filed a notice of appeal and a motion for a delayed appeal with the Supreme Court of Ohio, but the court denied the motion and dismissed his appeal. After an unsuccessful round of state collateral review, Campbell filed a habeas petition in this court.

## Discussion

Magistrate Judge White's R&R recommends I deny habeas relief because Campbell procedurally defaulted his claims.

As the Magistrate Judge explained, the Ohio Court of Appeals ruled Campbell failed to comply with Ohio App. R. 16(A)(7), which required him, as the appellant, to include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions[.]"

The Magistrate Judge, applying the framework the Sixth Circuit established in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), concluded the state court's reliance on that rule – in conjunction with Ohio App. R. 12(A)(2), which empowers the court to disregard any assignment of error the appellant fails to brief in conformity with Rule 16(A) – to reject Campbell's claims was an independent and adequate ground of decision sufficient to bar federal review of those claims.

2

Campbell's objection, which he prepared pro se, does not contain a coherent argument why I should reject the Magistrate Judge's recommendation. Although I cannot discern a plausible objection in Campbell's pleading, I will nevertheless construe it to argue the Magistrate Judge erred in finding Campbell's claims procedurally defaulted. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Habeas review is unavailable if a petitioner has procedurally defaulted his claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

Procedural default may occur when a petitioner has failed to comply with an applicable state procedural rule, and the state courts rely on that failure to reject the petitioner's claims. In *Maupin*, *supra*, 785 F.2d at 135, the Sixth Circuit established a four-step test to determine whether a petitioner's failure to comply with an applicable state procedural rule works a procedural default.

Under the *Maupin* test, a court considers whether: 1) the petitioner failed to comply with an applicable state procedural rule; 2) the state courts actually enforced the rule; 3) the rule is independent and adequate state ground on which the state can bar federal review; and 4) the petitioner can show cause and prejudice. *Id.* at 138.

There is no dispute Campbell's appellate brief violated Rule 16(A)(7), in that it did not present any argument to support his various claims. Nor is there any dispute the Ohio Court of Appeals relied on that failure to reject Campbell's claims. *Campbell*, *supra*, 2012-Ohio-1738, at ¶¶4-8.

Regarding the third *Maupin* prong, courts in this district have concluded that Ohio App. R. 16(A)(7) is an adequate and independent ground of decision. *E.g.*, *Boynton v. Sheets*, 2013 WL 1742711, *11 (N.D. Ohio Mar. 5, 2013), *report and recommendation adopted*, 2013 WL

1747717 (N.D. Ohio) (Nugent, J.); *Johnson v. Bradshaw*, 2006 WL 2945915, *9-*10 (N.D. Ohio) (Wells, J.).

Having reviewed those decisions, and Magistrate Judge White's discussion and application of them in this case, I agree that a violation of Rule 16(A)(7) is an adequate and independent ground that blocks federal habeas review.

Finally, I note there is no basis in the record, much less in Campbell's pleadings, on which to excuse this default.

I therefore conclude Campbell procedurally defaulted his claims and is not entitled to habeas relief. Because this ruling disposes of the petition, I need not consider the Magistrate Judge's further recommendation the Ohio Supreme Court's denial of Campbell's motion for a delayed appeal resulted in an additional procedural default.

### Conclusion

It is, therefore,

ORDERED THAT:

1. The Magistrate Judge's R&R (Doc. 16) be, and the same hereby is, adopted as the order of this court;

2. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied; and

3. No certificate of appealability will issue, as reasonable judges could not debate my procedural-default ruling.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

4